140    159
100a  ³280

HABEL v. UNION DEPOT RAILWAY COMPANY, *Appellant.*

Division One, June 22, 1897.

1. **Pleadings:** AMENDMENT AFTER VERDICT: NEW CAUSE OF ACTION. In an action founded on the death of a child, two plaintiffs alleged that they were his parents, and a verdict for damages was rendered in their favor. The relationship was denied by defendant's answer. After the verdict it appeared, on motion for new trial, that the child was born before the marriage of plaintiffs. Thereupon the court granted leave to one of plaintiffs to amend the petition and verdict by striking out the name of the other plaintiff, and allowed judgment to stand in favor of the mother for the full statutory damages ($5,000); *held*, that such amendment was not properly permissible in the circumstances.

2. ————: ————: ————: JEOFAILS. The statute of jeofails is intended to cure all defects of form and permit the correction of many errors of substance. But after verdict it does not authorize an amendment of plaintiff's case into a shape not supported by the testimony at the trial, where the change would prejudicially effect the rights of the adverse party.

3. ————: IMPLIED AMENDMENT. Where an order permits an amendment, the omission to require the actual change of language to be written in the papers is not fatal on appeal, as the appellate court may properly treat the amendment as in fact made.

*Appeal from St. Louis Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Edward S. Robert* for appellant.

(1) A person suing under the second section of the damage act (R. S. 1889, sec. 4425, *et seq.*) "must,

both by pleading and proofs, bring himself within its terms." *McIntosh v. Railroad*, 103 Mo. 131; *Barker v. Railroad*, 91 Mo. 86; *McNamara v. Slavens*, 76 Mo. 329; *Gibbs v. City of Hannibal*, 82 Mo. 143; *Sparks v. Railroad*, 31 Mo. App. 111; *Dulaney v. Railroad*, 21 Mo. App. 597. (2) *First.* The defect is not waived by pleading over or cured by verdict; it may be raised for the first time in the upper court. *Barker v. Railroad*, 91 Mo. 86; *Sparks v. Railroad*, 31 Mo. App. 111. *Second.* The objection that a petition does not state a cause of action may be raised for the first time in the Supreme Court. *Davis v. Railroad*, 126 Mo. 69. *Third.* Even though no motion for new trial or in arrest has been filed. *St. J. Land Co. v. Bretz*, 125 Mo. 418; *Benham v. Building Co.*, 60 Mo. App. 34. *Fourth.* The statute of jeofails does not cure jurisdictional defects in the record, or a petition fatally defective. *Rohrer v. Oder*, 124 Mo. 24; *Story v. Ins. Co.*, 61 Mo. App. 534; *Staley v. Wallace*, 21 Mo. App. 128. *Fifth.* Every fact which it is essential to prove must be pleaded. *Scott v. Robards*, 67 Mo. 289; *Pier v. Heinrichoffen*, 52 Mo. 333; *Story v. Ins. Co.*, 61 Mo. App. 534; *Rogers v. McCraw*, 61 Mo. App. 407. (3) The statute creates a new cause of action and gives the remedy for the death; it was unknown to the common law. *Barker v. Railroad*, 91 Mo. 86; *McNamara v. Slavens*, 76 Mo. 329; *Dulaney v. Railroad*, 21 Mo. App. 597. (4) There is only one cause of action, which can not be divided. *Senn v. Railroad*, 124 Mo. 621. (5) A divorced father and mother are both necessary parties to an action for the death of their child. *Buel v. St. L. Transfer Co.*, 45 Mo. 562. The court will not construe the statutes of amendment so as to encourage deceit. *Weed S. M. Co. v. Philbrick*, 70 Mo. 646. (6) The court can only amend a judgment on some matter in the record, not on evidence

*aliunde*, like affidavits. *State v. Primm*, 61 Mo. 166; *Priest v. McMasters*, 52 Mo. 60; *Gibson v. Chouteau*, 45 Mo. 171. (7) Where the husband is joined as a plaintiff with the wife after judgment, the case must be retried. *Latshaw v. McNees*, 50 Mo. 381.

*A. R. Taylor* for respondent.

(1) Where the appellant, upon the motion for new trial, showed conclusively by affidavits, and the fact was admitted by the plaintiff that the deceased child, William Habel, was the illegitimate child of Katie Habel, it was within the power of the trial court to direct the pleadings, verdict and judgment to be amended to conform with these facts. It was in furtherance of justice when the case was fairly tried. R. S. 1889, secs. 2098, 2101. (2) The plaintiff's motion to amend was made before final judgment and during the pendency of the motion for a new trial, and therefore the court acted under the provisions of section 2098, and it was entirely competent for the court to amend the pleadings to conform to the proof by striking out the name of Charles Habel and inserting all necessary allegations so as to allow the verdict and judgment to stand in the name of the mother, Katie Habel. The fact that such amendment was not literally made is not material, as the appellate court will treat the case as if such amendment was literally made. *Underwood v. Bishop*, 67 Mo. 374; R. S. 1889, sec. 2101; *Young v. Glascock*, 79 Mo. 574; *Merrill v. City*, 83 Mo. 245; *Weil v. Simmons*, 66 Mo. 619; *Crispen v. Hannovan*, 86 Mo. 160. (3) The petition clearly stated a cause of action in favor of Katie Habel, the mother, and the mistake of the plaintiffs in supposing that as stepfather Charles Habel was entitled to the rights of a father, did not vary or affect the rights of

the defendant on the trial, when it appeared to the court from evidence furnished by the defendant, and admitted by the plaintiffs, that Charles Habel was not the father, but the stepfather. *Marshall v. Railroad*, 120 Mo. 283. And after two trials of the case, it was clearly within the power of the court, as it was its duty, to correct the pleadings and proceedings, and allow the judgment to go, upon the verdict for the party entitled.

BARCLAY, P. J.—This is an action for statutory damages on account of a boy's death occasioned, as is charged, by the negligence of the defendant railway company. The plaintiffs are named as "Charles Habel and Katie Habel." The petition opens thus:

"The plaintiffs state that they are the father and mother of William C. Habel, who died a minor and unmarried on the twenty-fourth day of November, 1892." Then follow allegations of defendant's corporate character and of the particulars of the killing of the boy. The negligence of defendant is charged to be the moving of one of its cars suddenly, while the boy was getting aboard as a passenger, in consequence of which, it is alleged, he fell, was run over and was killed. Plaintiffs pray judgment for $5,000 and costs.

The answer is a general denial (except as to defendant's incorporation) and a plea of the boy's own negligence. The latter plea was put in issue by a reply.

At the trial testimony was given tending to prove plaintiffs' case. Among other things Mrs. Habel testified that her husband was the father and she was the mother of the boy. The circumstances of his death need not be gone into now. The result of this appeal is found to turn on a different point.

The jury returned a verdict for plaintiffs after receiving a number of instructions on the law applica-

ble to the facts disclosed. One of plaintiffs' instructions called for findings "that said William was a minor and unmarried, and that plaintiffs are the father and mother of said William."

The trial was a contested one. The issue as to the parentage of the child was not eliminated at that time by any admission on the part of defendant.

After a verdict for plaintiffs, defendant moved for a new trial. Among other grounds of the motion were alleged error in plaintiffs' instructions, and the statement that Chas. Habel was not the father of the child, and hence not entitled to recover.

In support of the motion defendant submitted affidavits tending to establish the fact just stated in regard to the paternity of the boy, and to show that the latter was born of the female plaintiff before her marriage to Charles Habel. Pending defendant's motion for new trial, plaintiffs filed a motion "to amend the pleadings, verdict and judgment in this cause by striking out the name of Charles Habel as one of the plaintiffs and to allow the judgment to stand in the name of Katie Habel," because:

"*First*. That the name of Charles Habel, as plaintiff, was used through mistake, as to his relation to the deceased, William C. Habel—and said Charles Habel was not a necessary party.

"*Second*. That said cause was fully and fairly tried, and the plaintiff, Katie Habel, is entitled to the judgment.

"*Third*. That said amendment is in furtherance of justice, and works no hardship or wrong to the defendant.

"*Fourth*. That upon the record the plaintiff, Katie Habel, is entitled to said verdict and judgment."

The learned trial court thereafter entered the following order, which explains itself:

"The court having heard and duly considered the defendant's motion for a new trial, and also the plaintiffs' motion to amend the pleadings, verdict and judgment in this cause by striking out the name of Charles Habel as one of the plaintiffs, and to allow the judgment to stand in the name of Katie Habel, and being fully advised in the premises, doth order that plaintiff's said motion to amend the pleadings, verdict and judgment in this cause by striking out the name of Charles Habel as one of the plaintiffs, and to allow the verdict and judgment to stand in the name of Katie Habel, be and the same is hereby sustained to the end that said pleadings, verdict and judgment may conform to the evidence in this cause; and the court doth further order that said motion for a new trial be and the same is hereby overruled."

The defendant appealed after duly saving exceptions.

1.    The jury found (in response to an instruction) that plaintiffs were the father and mother of the boy. The fact of his relationship to plaintiffs was a material one.    It was one of defendant's substantial rights in the action to have that fact passed upon by the constitutional triers of facts.    The affidavits submitted after the verdict and the course taken then on behalf of Mrs. Habel indicate that Chas. Habel was not the father of the boy.    The testimony submitted by defendant to prove that fact was directed to the charge on that subject in its motion for new trial.    The defendant at no time abandoned its denial of the allegations as to the child's paternity which the petition contained.

While the showing made by defendant after verdict tends to prove that Mrs. Habel was one of the boy's parents, that fact alone can not be correctly held as an admission by defendant of her right of recovery on the

old verdict. A number of contingencies of fact might be suggested, consistent with the testimony as to the birth of this boy before her marriage to Mr. Habel, and yet inconsistent with her right to recover the full sum of $5,000, for which the court gave judgment in her favor. One of such contingencies is exhibited by the facts before the court in *Buel v. St. Louis Transf. Co.* (1870) 45 Mo. 562. The defendant in giving proof on an issue of fact, raised by its motion for new trial, was entitled to produce all available testimony it could find, without the risk of having the court render a judgment against it on a basis of fact different from that on which the case had been tried.

Our law in regard to amendments is very liberal. It is intended to cure all sorts of defects of form, and to permit the correction of many errors in substantial features of the case, upon timely application. But according to section 2098 the court is not authorized, even before judgment, to amend a record so as to permit a substantial change of the plaintiff's claim where the proof at the trial does not support the amendment; nor should the court allow any amendment after verdict that will affect prejudicially the substantial rights of the adverse party. (R. S. 1889, secs. 2100, 2303.)

The order for amendment permitting the name of Mr. Habel to be stricken out and the judgment to stand in favor of his wife as the sole parent of the boy, amounted to a decision by the learned circuit judge on a question of fact directly raised by the pleadings and which defendant had not abandoned, namely: the question as to the right of either of the original plaintiffs to recover as the parent of the boy. That issue defendant had a right to demand should be submitted to a jury. And in putting before the court (on its motion after verdict) testimony of the facts relied upon

to support that motion, defendant can not properly be considered to have dispensed with the necessity of a finding for plaintiff on the facts essential to Mrs. Habel's case.

2. The mere circumstance that the actual amendments ordered by the court were not in fact carried into the written papers we regard as of little consequence. If that was the only objection to the amendments we would treat them as made.

But the objection to the action of the trial court is of a more substantial character. In actions of this sort the plaintiff must establish in the proper way all the facts required to create the statutory right of action. And we hold it to be error to enter a judgment against defendant until all of said facts are so found, where they have been put in issue and have not been admitted.

The judgment is reversed and the cause remanded for a new trial. MACFARLANE, ROBINSON and BRACE, JJ., concur.