**Martin PILAT, Plaintiff,**

v.

**Adam KRISTOFF, Defendant-Respondent,**

and

**Paul Pilat, Defendant-Appellant.**

**No. 34820.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 17, 1973.

Benson Cytron, House Springs, for defendant-respondent.

McGlynn & McGlynn, E. St. Louis, Ill., for defendant-appellant.

DOWD, Chief Judge.

This is an appeal from the dismissal of a will contest for failure to comply with Section 473.083(4).[1]

Anna Wehe died October 5, 1971, and her will was admitted to probate October 18, 1971. Martin Pilat filed a petition in the Circuit Court of the City of St. Louis on February 1, 1972, in which he stated that he was the sole heir at law of Anna Wehe. The petition further alleged that the will which had been probated was invalid in that it was executed at a time when the deceased lacked sufficient testamentary capacity and while she was subjected to the undue influence of Adam and Helen Kristoff.

Martin Pilat joined as defendants all who had been named beneficiaries under the probated will. Adam Kristoff (hereinafter respondent) and Paul Pilat (hereinafter appellant) were among those named as defendants.

On March 27, 1972, the Sheriff of Franklin County filed a non-est return on respondent. An alias summons was then ordered to issue to the Sheriff of the City of St. Louis for service on respondent, returnable thirty days after service. No return on this alias summons is indicated in the record. Martin Pilat died on April 10, 1972. On June 12, 1972, respondent filed a special entry of appearance and a motion to dismiss for failure to comply with Section 473.083(4). That section provides that in the absence of a showing by the plaintiff of good cause for failure to secure and complete service on all parties defendant within ninety days of the filing of the petition, the petition shall be dismissed by the circuit court.

On July 3, 1972, the motion to dismiss was sustained. Appellant moved for a new trial attaching to that motion an exhibit containing an affidavit alleging the existence of other heirs of Anna Wehe living in Czechoslovakia. Appellant then filed this appeal.

The respondent has filed a motion to dismiss this appeal because appellant was not aggrieved by the trial court's judgment.

The right to appeal is statutory. Walsh v. County of St. Louis, 353 S.W.2d 779 (Mo. 1962). The statute which grants the right to appeal is Section 512.020 which provides in part:

"Any party to a suit *aggrieved* by any judgment * * * may take his appeal * * *." (Emphasis supplied.)

Here, appellant was named in the residuary clause of Anna Wehe's will. The dismissal of the will contest by the trial court resulted in the will remaining as probated and entitled the appellant to his share under the will. Nowhere in the record do we find any indication that a determination that Anna Wehe died intestate, which is what Martin Pilat sought by his petition, would result in appellant obtaining any more than he received by the dismissal. On the record before us, appellant has not been injured by the judgment of the trial court, and he is, therefore, not an aggrieved party entitled to appeal. Section 512.020; Davis v. Davis, 284 S.W.2d 575 (Mo.1955).

It is evident that respondent's motion to dismiss the appeal should be granted. The appeal is dismissed.

CLEMENS and McMILLIAN, JJ., concur.

---

1. All references to statutes are to RSMo 1969, V.A.M.S.