Zebedee GARRETT, Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 36539.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 23, 1975.

Charles D. Kitchin, Public Defender, Neal P. Murphy, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Robert H. House, Asst. Atty. Gen., Brendan Ryan, Circuit Atty., William M. Frain, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Movant was convicted of forcible rape and sentenced to twenty years imprison-

ment. The conviction was affirmed on appeal. *State v. Garrett*, 494 S.W.2d 336 (Mo. 1973). Subsequently, movant sought to have his sentence vacated under Rule 27.26 which motion was denied. Movant appeals from that judgment.

In his written motion movant alleged, *inter alia*, ineffective assistance of counsel, listing five specific acts of omission and one of commission in support of his allegation. Not included in the list was original trial counsel's failure to request a psychiatric examination of his client. A considerable portion of the testimony was elicited on this issue both by movant's counsel and the state. The trial court twice pointed out that failure to request the examination was not alleged in the written motion. But no objection was made and the state was willing to try the issue by implied consent. The following interchange during questioning of original trial counsel led to a request by movant's counsel, Mr. Harris, for leave to amend to conform to the evidence. (Mr. Murphy also represented movant.)

"Q. Now, I believe your testimony was that you thought the defendant should have an exam.

A. I thought so.

Q. You thought so?

A. (Nods affirmatively.)

Q. All right. But the parents didn't think so?

A. And he didn't think so.

Q. He didn't think so. Did you preserve your thoughts and your feelings for the record?

A. No.

Q. No. When you talked to them about "552", did you question them as to their knowledge of "552"?

MR. FRAIN: Your Honor, at this time, I'm going to object to this.

THE COURT: I'm going to sustain the objection for the reason there's no allegation in this motion that Mr. Gray was ineffective because he failed to get a psychiatric examination.

MR. MURPHY: Your Honor, I think number 4 covers that where in the amended motion: That the Movant was denied effective assistance of counsel in the defense of said charge in derogation of his right—

THE COURT: We can't hear you when you walk away, Mr. Murphy.

MR. MURPHY:—derogation of his right to counsel secured by the Sixth Amendment of the United States Constitution, and Article 18A [art. 1, § 18(a)] of the Constitution of the State of Missouri . . .

Without being specific, I think this point would fall under that allegation in the amended petition.

THE COURT: But you go further to say "because", and then you give six specific instances in which you allege that his constitutional rights were abridged by failure to provide effective assistance of counsel, and one of them is not a failure to secure a psychiatric exam.

MR. MURPHY: Your Honor, when I prepared that petition I gave some specific instances that the defendant's right to counsel were violated. If I had gone on, the petition might have ran twenty pages. I believe when I wrote that petition that anything else that I missed would have been covered in section number 4 of the amended petition.

MR. HARRIS: Your Honor, may I suggest something to the Court? As long as it goes to the fundamental rights of the defendant, Judge, the Constitution here is involved, and everything else, let me ask at this time leave to amend so that it will encompass rather than go out and come back, and it's so fundamental when it starts Mr. Murphy's alleged abridgment of the rights under the Constitution, and other things, I think at this time, Judge, it would be proper and fair, more than fair, to let the defendant amend it so we can encompass this at this hearing.

THE COURT: Well, you've already had quite a bit of testimony on that.

MR. HARRIS: Right. To conform to the testimony, Judge,—

THE COURT: Do you still have any more?

MR. HARRIS:—if we could amend it to conform to the testimony.

MR. MURPHY: No, Your Honor. That was the other major point.

THE COURT: All right. So it's all been covered.

MR. HARRIS: Good."

Although the court made no specific ruling, acquiescence in the amendment could be implied especially since further questioning continued by both parties and the court touched upon movant's mental capacity to stand trial and the failure of counsel to request an examination.

At the close of the evidence, in denying the motion, the trial court issued a thoughtful memorandum opinion thoroughly covering the issues raised in the written motion. Findings and conclusions regarding failure to request a psychiatric examination were not, however, included.

Movant argues on appeal that failure to request a psychiatric examination was properly before the court by an oral motion to amend to conform to the evidence under Rule 55.33 of the Rules of Civil Procedure and that specific findings of fact and conclusions of law must therefore be issued on this point to comply with Rule 27.26(j). We must, he asserts, remand for findings and conclusions since in their absence we have nothing to review, having been limited to a determination whether the trial court's findings and conclusions are "clearly erroneous."

■ The trial court hearing a 27.26 motion must make findings of fact and conclusions of law "on all issues presented". Rule 27.26(i). The scope of review is expressly limited to a determination whether the "findings, conclusions and judgment of the trial court are clearly erroneous". Rule 27.26(j). See *Lahmann v. State,* 509 S.W.2d

791, 794[1–5] (Mo.App.1974). Findings and conclusions by the trial court are a necessary prerequisite to any appellate review. Rule 27.26(i); *Thomas v. State,* 465 S.W.2d 513, 515[1] (Mo.1971). Of course, issues not raised in the motion or before the trial court cannot be considered for the first time on appeal. *Harkins v. State,* 494 S.W.2d 7, 14[7] (Mo.1973). Movant's argument depends, therefore, upon whether failure to request the examination could be and was properly before the trial court.

■ Rule 27.26(a) provides that a motion filed thereunder is an "independent civil action" and that the Rules of Civil Procedure apply "insofar as applicable". Rule 27.26(h) recognizes the right to amend the motion. The requirement of 27.26(c), that the prisoner include "every ground known * * * for vacating, setting aside or correcting his conviction and sentence", must therefore be read in light of Rule 55.33 providing for amendments to pleadings if the latter rule is applicable to a 27.26 proceeding. We believe that it is. Rule 55.-33(b) provides in pertinent part that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings", and that amendments to conform to the evidence and to raise these issues "may be made upon motion of any party at any time, * * *." In *Vidauri v. State,* 515 S.W.2d 562, 567[4] (Mo.1974), the court referred to the applicability of Rule 55.33(b) to a 27.26 proceeding. The state there argued that it was improper for the trial court to issue findings and conclusions regarding the voluntariness of movant's confession because he failed to raise it in his motion. The court stated that, "If it can be said that the motion did not raise the issue, which we doubt, it is clear from the record and the trial court's view of the matter that the issue of voluntariness of the confession was the issue actually tried by common consent and was treated in all respects as if raised in the pleadings, rule 55.33(b)." *Vidauri v. State, supra* at 568. The availabili-

ty of an oral amendment to the 27.26 motion during the course of the proceedings was also implicit in *Day v. State*, 516 S.W.2d 53, 56[7] (Mo.App.1974), in which the court notes that movant could have sought leave to amend his 27.26 motion and thus properly placed the issue before the court. See also *Burnley v. State*, 518 S.W.2d 314, 316[5, 6] (Mo.App.1975).

 The state in the instant case did not seasonably or specifically object to the introduction of evidence on the issue nor the request for leave to amend. Indeed, state's counsel questioned witnesses extensively on the point both before and after the request to amend. Permitting further testimony subsequent to the request for leave to amend is consistent with granting, rather than denying, the request. We must conclude that the issue was properly before the trial court and failure to include any reference to it in the findings and conclusions, though obviously an oversight, was error.

The state's contention that the issue was not preserved because no "formal action" was taken to amend is without merit in light of Rule 55.26(a) providing that applications to the court for an order must be in writing "unless made during a hearing or trial". See also *Habel v. Union Depot Ry. Co.*, 140 Mo. 159, 41 S.W. 459, 460[2] (1897).

Movant contends that remand for a further evidentiary hearing as well as for findings and conclusions on the omitted issue is required. We disagree. Movant was not restricted in presenting evidence on this issue. In fact, the issue was fully presented by movant and the state. The record of the hearing is more than adequate to permit the trial court to issue findings of fact and conclusions of law regarding whether movant was denied effective assistance of counsel because the original trial attorney failed to request a psychiatric examination. The trial court's findings and conclusions on all other points raised in the original motion have not been questioned. We reverse the judgment to permit counsel to amend the motion and the trial court to issue written findings and conclusions on the above stated issue.

The judgment is accordingly reversed and the case remanded for further proceedings in accordance with the instructions herein contained.

DOWD and RENDLEN, JJ., concur.