**Barbara Kay PIRTLE, Appellant,**

v.

**James Edward PIRTLE, Respondent.**

**No. 42397.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 1980.

Anderson, Brooking, Hammon & Dieffenback, A. W. Dieffenback, Jr., Hillsboro, for appellant.

Joseph P. Cunningham, III, Festus, for respondent.

CRIST, Presiding Judge.

Dissolution proceeding. Judgment affirmed.

James Edward Pirtle (hereinafter "husband") and Barbara Kay Pirtle (hereinafter "wife") were married in 1958. In the dissolution proceeding there are two major marital assets: the Pirtle Insurance Agency and approximately 50 acres of land.

The Pirtle Insurance Agency was valued at $40,000.00. Husband was awarded the agency and wife was awarded $20,000.00. The other major marital asset is the 50 acres of land upon which is located the marital home. The 50 acres was purchased in 1966 for $55,000.00. Title was taken in the names of husband and wife. A down payment of $10,000.00 was made by wife's parents (hereinafter "Adams"). An agreement was executed by husband, wife and Adams, as follows:

WHEREAS, First Parties have acquired title in their names to a tract of real estate containing 54.02 acres, together with all improvements thereon situated in U.S. Survey # 437, Township 41 North, Range 5 East, known as Cedar Lake Resort, and located on Sandy Creek Road and Girl Scout Road in Jefferson County, Missouri, and

WHEREAS, Second Parties have contributed to the purchase price thereof.

NOW, THEREFORE, it is agreed by and between the parties that First Parties shall hold in trust and in their name an undivided one-half interest in and to said real estate for the use and benefit of Second Parties hereto and that Second Parties shall be entitled to one-half of the proceeds derived from the sale of said property, or any part thereof, after first deducting all expenses incurred in said sale and after deducting taxes, liens and any other encumbrances.

At the time of trial Adams had contributed a total sum of $21,838.77 in the down payment, several mortgage payments and outlays for improvements on the 50 acres. The court found the acreage to be worth $188,000.00 at the date of trial. The unpaid balance of the mortgage was $32,271.64, resulting in a net fair market value of $155,728.36, exclusive of the claim of Adams.

The trial court ordered the 50 acres sold and the proceeds divided between Adams, husband and wife in amounts reflecting their interests therein. Adams was awarded the sum of $21,000.00 plus interest. Husband and wife were awarded equal shares of the proceeds after payment of costs, the mortgage and the disposition.

Wife contends that, under the above agreement, Adams should receive one-half of the net proceeds from the sale of land and not the lesser amount of $21,000.00 plus interest. This agreement was not pled in the circuit court nor were Adams made parties to the proceeding. The interest of Adams has not, therefore, been judicially determined. See, *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 274 (Mo.App.1979). Wife will receive more by allowing the trial court judgment to stand than by the relief she is requesting on appeal. Wife is essentially seeking relief for third persons, not parties. Without a showing that wife would obtain more if she was granted the relief sought on appeal, wife was not aggrieved. See, *Pilat v. Kristoff*, 494 S.W.2d 386, 387 (Mo.App.1975). A party who is not aggrieved by a judgment has no right of appeal. Section 512.020, RSMo. 1978; *In re Marriage of Richardson*, 540 S.W.2d 227, 228 (Mo.App.1976).

No appeal was timely effected by an aggrieved party. The judgment of the trial court became a final judgment as to the parties. We are not foreclosing pursuit of other available remedies for determination of the interest of Adams in the 50 acres prior to its sale.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.