In re the MARRIAGE OF E. Colleen KINNICK and John W. Kinnick.

E. Colleen KINNICK, Petitioner-Appellant,

v.

John W. KINNICK, Respondent.

No. 12027.

Missouri Court of Appeals, Southern District, Division One.

Aug. 24, 1981.

---

1. Judgment was affirmed in *State v. Trivitt*, 553 S.W.2d 502 (Mo.App.1977.)

John R. Lewis, Springfield, for petitioner-appellant.

Kenneth W. Johnson, Hamra, Greene, Johnson & Sweeney, Springfield, for respondent.

PER CURIAM:

In this dissolution of marriage action betwixt petitioner Colleen and respondent John, the trial court requested briefs containing, inter alia, suggestions as to the division of marital property. Regarding 80 acres of real estate in Dade County, Colleen's attorney wrote: "[I]t is the contention of Petitioner that the eighty acre tract of land is marital property . . . . It is Petitioner's contention that this property should be set apart to Respondent, that Respondent should be required to make all outstanding payments due and owing on said property, and that Respondent should further be required to hold the Petitioner harmless from having to make any further payments on any indebtedness owed on such land." In its decree, after a preliminary finding that half of the 80 acres was marital property and half was nonmarital property belonging to John alone, the court nisi, in an exact implementation of Colleen's implorings, set aside the 80 acres to John upon the exact conditions requested.

Incongruent as it may seem, Colleen appealed. Her lone point relied on reads: "The trial court erred in determining that an undivided one-half interest in the [80 acres] was non-marital property and setting it apart as separately owned property of respondent for the following reasons: 1. That title to the [80 acres] was acquired by petitioner-appellant and respondent during the term of the marriage and, therefore, was marital property in accordance with Section 452.330. 2. That title to the [80 acres] is held by husband and wife, and is presumed to be owned by both petitioner-appellant and respondent, making it marital property by virtue of how same was titled."

█ Whether the trial court's underlying finding that half of the 80 acres was nonmarital property be right or wrong, we are at a loss to comprehend how this served to aggrieve Colleen in view of the fact the court did precisely what she petitioned. A party not aggrieved by a judgment has no right of appeal. § 512.020 RSMo 1978; *Pirtle v. Pirtle*, 610 S.W.2d 317, 318 (Mo.App. 1980). If the court erred, and we later demonstrate it did not, it was invited error concerning which Colleen may not now successfully complain. *Benjamin v. Benjamin*,

370 S.W.2d 639, 643[11] (Mo.App.1963); *Hay v. Ham*, 364 S.W.2d 118, 124[8] (Mo.App. 1962). Invited error at trial cannot serve an appellant on appeal. *Pickett v. Stockard*, 605 S.W.2d 196, 198[5] (Mo.App.1980); *Elliott v. Empson*, 555 S.W.2d 46, 47[1] (Mo. App.1977); *Rogers v. Toro Manufacturing Company*, 522 S.W.2d 632, 639[14] (Mo.App. 1975). Also, what does Colleen suffer when she asked the court to give John the whole of what she claimed when, in fact, John was given only half thereof and the other half thereof was determined to have belonged to him otherwise? Furthermore, on appeal a party is bound by the position he took in the circuit court and will not be heard on a different theory. *In re Marriage of Hunter*, 614 S.W.2d 277, 278[2] (Mo.App.1981); *Brown v. Brown*, 168 S.W.2d 173, 174[2] (Mo.App.1943).

The 80 acres in question is included in 160 acres situate in Sec. 18, Twp. 30, R. 27, Dade County, Missouri, described as the E ½ of the NW ¼ (hereinafter "the east-half") and the W ½ of the NE ¼ (hereinafter "the west-half"). R. E. and Ruth Kinnick, husband and wife, had four children, to wit: John (the respondent), Robert, Mescal Jean and Nora. The west-half, supra, was deeded to "Ruth Kinnick and her Bodily Heirs." This conveyed a life estate to Ruth with the remainder in fee to the four children. *Crismond v. Kendrick*, 325 Mo. 619, 633–634, 29 S.W.2d 1100, 1105–1106[7] (1930). The east-half was deeded to R. E. and Ruth so as to create in them a tenancy by the entirety. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 17[1] (Mo. banc 1980). After Ruth died, petitioner Colleen and respondent John were married. Thereafter, R. E. and the four children deeded the entire 160 acres to themselves, thereby making each the owner of an undivided ⅕th interest in the 160 acres. None of the childrens' spouses were named as grantees in this deed. Subsequently, and without monetary consideration, R. E. conveyed his undivided ⅕th interest to the four children (no spouses named) so that the children each became owner of an undivided ¼th interest in the east-half and the west-half. Later, John and Colleen borrowed money to enable

them, together with Nora and her husband, to purchase the undivided ¼th interests of Robert and Mescal Jean in the 160 acres. Following this, Nora and her husband deeded their interests in the east-half to John and Colleen and, in return, John and Colleen deeded their interests in the west-half to Nora and her husband. It is the east-half 80 acres with which we are concerned in this case.

Section 452.330 RSMo 1978 provides: "1. In a proceeding for . . . dissolution of the marriage . . . the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just . . . . 2. For purposes of sections 452.300 to 452.415 only, '*marital property*' means all property acquired by either spouse subsequent to the marriage except: (1) Property acquired by gift, bequest, devise or descent; (2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent . . . . 3. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of coownership such as . . . tenancy by the entirety . . . . The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2."

■ As seen above, John acquired an undivided ¼th interest in the west-half before his marriage to Colleen. Thereafter, John's acquisition of an undivided ⅕th interest, and later an undivided ¼th interest in both the west-half and the east-half came about through a combination of exchanging property acquired prior to the marriage and via gifts from his father. The deeds in question among the father and the children and from the father to the children expressed the consideration of One Dollar and other good and valuable consideration. As there was no showing that other consideration was paid, except perhaps for family love and affection, the conveyances may be con-

sidered to have been gifts. *Clark v. Skinner*, 334 Mo. 1190, 1196, 70 S.W.2d 1094, 1097[4, 5] (1934); *Boyers v. Boyers*, 565 S.W.2d 658, 660–661[8, 9] (Mo.App.1978). Consequently, according to § 452.330–2(1) and (2), supra, John's undivided ¼th interest in the 160 acres was not marital property. However, when John and Colleen and Nora and her spouse purchased the undivided ½ interests of Robert and Mescal Jean in the 160 acres, Colleen and John together acquired an undivided ¼th interest in the land with John separately retaining the undivided ¼th interest he alone already owned in the property. When the siblings, John and Nora and their spouses, subsequently divided their previous acquisitions in the 160 acres, John's separate nonmarital interest in the 80 acres deeded to himself and Colleen equated a part equal to an undivided ½ interest therein, whereas the other undivided ½ interest therein in the 80 acres became owned by John et uxor as tenants by the entirety. It makes no difference that the deeds from Robert and Mescal Jean and later the exchange deed from Nora and her husband named both John and Colleen as joint tenants or as tenants by the entirety in those conveyances. As quoted in *Keith v. Keith*, 599 S.W.2d 214, 218[8] (Mo.App.1980): " 'It is the settled law that if the [husband] is a tenant in common, and there is a voluntary partition of the common estate, a deed, made to the husband and wife, as joint tenants or tenants by the entirety, conveys no estate to the [wife], and invests the entire estate in the [husband], even though the [husband] directed the deed to be made to [his wife and himself] jointly.' *Cross v. Huffman*, 280 Mo. 640, 648, 217 S.W. 520, 522 (1919)." Also see, 132 A.L.R. 630, 637–640, Anno.——. Estate by Entireties—Creation, supplemented by 173 A.L.R. 1216, 1218. Thus, the trial court was correct in declaring that half of the 80 acres involved was nonmarital property belonging to John.

■ Last we consider respondent's motion for damages, taken with the case, for frivolous appeal. Rule 84.19, Missouri Rules of Court 1981. Albeit we have viewed the error complained of by appellant as invited error and have affirmed the learned trial judge's determinations as to titles in the involved 80 acres, we shy at imposing damages on the appellant for an appeal which undoubtedly was produced solely by her counsel. The appeal herein did not challenge the finding that the marriage was irretrievably broken, so there was no delay in the finality of that portion of the decree. § 452.360–1 RSMo 1978. Except for fees and expenses incurred in this court, respondent has neither demonstrated nor suggested that he was otherwise damaged because of the appeal. With some reluctance, we deny the motion.

Judgment affirmed.

FLANIGAN, J., concurs in result only.

GREENE, P. J., recused.