Theresa Rozanne ARMSTRONG,
Respondent,

v.

David Clayton ARMSTRONG, Appellant.

No. 45800.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

David V. Bear, Columbia, for appellant.

Samuel J. Sandifer, Paris, for respondent.

CLEMENS, Senior Judge.

The only issue in this dissolution case is husband's challenge to the provision of the decree awarding the wife a house trailer.

During the marriage husband bought the trailer in which he and his wife lived with their two small children. In her petition and by her testimony wife pleaded and testified the trailer was marital property; she prayed that it be awarded to her as a home for her and the parties' children.

By answer husband denied wife's allegation concerning her interest in the trailer.

After filing his answer husband conveyed the trailer to his father, who testified this was in satisfaction of money husband had previously borrowed from him.

The trial court found the husband's conveyance of the trailer was in fraud of wife's marital rights therein; it ordered husband's parents to re-convey the trailer to wife; pursuant to the decree the Department of Motor Vehicles issued a new title to the wife.

■ Most pertinent to the issue here is the wife's basic, unchallenged argument that the mobile home was bought during the parties' marriage, was therefore entirety property and could not be sold by the husband alone.

By Section 452.330 .3 RSMo., property acquired during marriage is marital property even though, as here, title was taken individually. *Carter v. Carter*, 616 S.W.2d 543[4, 5] (Mo.App.1981).

It follows that husband's individual deed of the trailer to his parents conveyed nothing.

Husband challenges the decreed re-transfer of the trailer on the sole ground his father was not a party to the action before the court.

The father attended the trial and testified regarding his acquisition and ownership of the trailer. He voluntarily complied with the decreed re-transfer, however, and the title to the mobile home is now in the wife's name. Still, husband complains that his father's presence and testimony in court did not subject him to the court's jurisdiction and afforded his father an incomplete opportunity to litigate his rights.

Husband essentially seeks relief for a third person who was not a party. Husband will receive nothing more if we grant the relief sought on appeal than he did under the trial court decree. Absent a showing husband would obtain more if granted the relief sought on appeal, husband was not aggrieved. *Pirtle v. Pirtle,* 610 S.W.2d 317, 318 (Mo.App.1980). A party has no right of appeal where no injury resulted from the decree. Section 512.020, RSMo.1978; *In re Marriage of Richardson,* 540 S.W.2d 227, 228 (Mo.App.1976).

There being no appeal effected by an aggrieved party, the trial court judgment is affirmed.

CRANDALL, P.J., and DOWD and CRIST, JJ., concur.