Homer COWANS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 34018.

Missouri Court of Appeals, Western District.

Aug. 16, 1983.

J. Armin Rust, Regional Public Defender, Lexington, for appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and PRITCHARD and KENNEDY, JJ.

PRITCHARD, Judge.

Appellant was convicted of Statutory Rape, Section 566.030, RSMo 1978, by the verdict of a jury, and was sentenced to 25 years imprisonment as a persistent offender. He seeks to vacate that conviction under Rule 27.26. After the public defender was appointed, and on June 14, 1982, appellant's counsel filed an amended motion supplementing appellant's pro se motion in which he alleged that his counsel was ineffective "in that movant was severed from being allowed to entertain compatible attorney client relationship with his counsel of record and thereby avers that the relationship required between counsel and client was irretrievably broken all in viola-

tion of movant's rights * * *." On this appeal, under Point II, the assertion of ineffective assistance of counsel is that "his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney *in that* counsel failed to take an appeal, counsel continued to represent appellant after a conflict of interest arose and counsel failed to apprise appellant of *the terms of a proposed plea bargain.*" [Italics added.] The matter of failing to take an appeal is set forth in the amended motion thus: "2.d. Petitioner waived his right to appeal upon misadvice of counsel", and further: "3.d. Petitioner was told by defense counsel that if he appealed, the prosecuting attorneys would 'get him more time'. This inaccurate information led Petitioner to give up his right to appeal." The matters of alleged conflict of interest and failure to apprise appellant of the terms of a proposed plea bargain are not pleaded in the motion. These matters, however, will be treated as amending the Rule 27.26 motion to conform to the evidence inasmuch as evidence was received without objection thereon. Rule 55.33(b); cf., *Garrett v. State,* 528 S.W.2d 174, 176[3] (Mo. App.1975), and note the there cited case of *Vidauri v. State,* 515 S.W.2d 562, 567[4] (Mo.1974), holding that an issue of voluntariness of a confession, not raised in the motion, would be treated as if it did where the issue was tried by common consent.

In Point I, appellant says that the trial court erred in not granting his request for a trial transcript. On June 14, 1982, the court, on its docket sheet, noted that no specific portions of the transcript were requested, and therefore it did not order it, and "Petitioner to request specific portions of the trial proceedings to be transcribed, request to be submitted by 6–17–82 and ruled upon by Court without argument; thereafter, Court to rule on 27.26 motion, KGA." On June 22, 1982, the court ruled: "Court upon request of Petitioner for transcript of underlying felony conviction finds that said request should be denied in that such transcript would add no new credible evidence to that already presented at hearing on 6–14–82."

It is not necessary to consider these issues which were considered by the trial court, but which are not pursued on this appeal, and thus are deemed abandoned: That appellant was severed from being allowed to entertain compatible counsel; that appellant was denied his right to testify on his own behalf; that there was improper evidence of his prior convictions; and that the arrest warrant was not authorized by a judge or magistrate, but was signed only by the clerk, all these allegations going toward the charge of ineffective assistance of counsel.

As to the issue of appellant's right to a partial transcript, the record does not show that counsel ever pointed out to the court the portions desired, but that is really beside the point. None of the allegations would be aided in proof by reference to the transcript. There is no allegation that something happened at the trial which would have deprived appellant of any constitutional right. All allegations were provable by testimony adduced in this Rule 27.-26 hearing. No part of the original trial transcript was necessary to the determination of the questions raised so as to entitle appellant to have one ordered under *State v. Keeble,* 427 S.W.2d 404, 408[4] (Mo.1968), which holds that a defendant is not entitled to such a transcript simply to permit a fishing expedition to determine if any kind of error can be found. See also *McNamara v. State,* 502 S.W.2d 306, 309[4] (Mo.1973); and *Trout v. State,* 523 S.W.2d 529, 533[3, 4] (Mo.App.1975). Appellant's first point is overruled.

As to the allegation that counsel failed to take an appeal, the record shows this: Appellant talked with his counsel, Mr. Tate, after the trial, about an appeal: "Q. What did he tell you about taking appeal? A. Said if he put in an appeal it probably wouldn't do no good no way. He asked me, he said, 'Do you want to put in an appeal?' I said, 'If it helps the case, yes.' But, then, he said, 'It probably wouldn't do no good.' And, I said, 'If it ain't going to do no good, why file it then?' And, that was it." Counsel did not tell appellant why it would not do any good; appellant did not ask him

about that; and he relied on counsel's advice that an appeal would not do any good. Mr. Tate testified that he discussed with appellant his right to appeal after the trial. It took place in the Pettis County jail with regard to filing a motion for new trial, and appellant was advised of the circumstances, the method of doing that. More than likely, although Tate did not remember, he probably did tell him that there was really no glaring grounds for an appeal. If appellant desired to file a motion for new trial, it was his right to do so, and Mr. Tate would do it. A pending sodomy charge was then discussed. "Mr. Cowans indicated that he did not wish to file a motion for a new trial, that he would simply serve his time." In *Brown v. State,* 512 S.W.2d 404, 408[9, 10] (Mo.App.1974), it was said, "The mere failure to take an appeal does not constitute ineffective assistance of counsel. (Citing case.) Only where the appellant wishes to appeal and his attorney either refuses or negligently fails to take the proper steps to appeal is there ineffective assistance of counsel." See also *Joiner v. State,* 621 S.W.2d 336, 339[14, 15] (Mo.App.1981), as to a voluntary waiver of the right to appeal, which is in this case on Mr. Tate's testimony which the trial court was entitled to believe. The contention by appellant of ineffective assistance of counsel in not pursuing an appeal is therefore overruled.

■ The next aspect of asserted ineffectiveness of counsel is that counsel continued to represent appellant after a conflict of interest arose. Appellant presented no evidence on this allegation, but Mr. Tate testified that he had received a letter from a Fayette, Missouri, attorney who was representing appellant's brother, a Rusty Jackson or Munk Cowans, as he was known (but whom Mr. Tate did not know). Appellant was told that Mr. Tate was the father of a six-year old girl, and that his law firm represented the alleged victim in a crime of which Jackson (or Cowans) had been accused. Mr. Tate asked appellant if these two facts made any difference to him, or if he felt Mr. Tate would be prejudiced toward him, and he answered, "no". No prejudicial conflict of interest is shown, and the assertion is overruled.

■ Appellant acknowledged that there was a discussion on the morning of trial about a 60 year prison term, but further acknowledged that it could have been the maximum for both the statutory rape charge and one of sodomy, which, according to Mr. Tate, would have been the prosecutor's recommendation. There was a plea bargain in which the prosecutor was offering ten years and ten years to be served at the same time. Mr. Tate explained this to appellant, and he seemed to understand it. Mr. Tate told him of the offer and if he felt he was not guilty, he had the right to a trial. It was appellant's opinion that he was not guilty. "Therefore, he wanted nothing to do with the plea bargain." Mr. Tate told him he had a choice of ten years or of what the jury might give him. In rebuttal, appellant testified that he did not understand that the plea bargain was a total of only 10 years. This testimony as to the advice of a plea bargain and appellant's lack of understanding of the concurrent sentences was for the trial court to determine. The contention is overruled.

The order overruling the Rule 27.26 motion is not clearly erroneous, and the judgment is therefore affirmed.

All concur.