Jacqueline Kay WELBERN,
Petitioner-Respondent,

v.

Larry Michael WELBERN,
Respondent-Appellant.

No. 13456.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 28, 1985.

Kenneth W. Johnson, Johnson, Sweeney & Miller, Springfield, for petitioner-respondent.

Lynn Myers, Springfield, for respondent-appellant.

MAUS, Judge.

The parties to this dissolution action were married September 26, 1979. One child was born to the marriage on August 24, 1981. The judgment dissolving the marriage placed that child in the custody of the wife. It also distributed the property of the parties, awarded the wife mainte-

nance in gross of $12,600 and child support of $350 per month. The husband appeals.

He first asserts error in that household items and an automobile, his separate property, were awarded to the wife or subjected to a lien. The judgment made neither provision. It gave the husband an option to elect to vest title to these items in the wife and be credited with $6,490 upon the award of maintenance. Without approving this procedure, the husband is not entitled to complain about an option that he was not required to exercise. *Armstrong v. Armstrong*, 654 S.W.2d 302 (Mo.App. 1983).

He next contends there is no evidence to support the award of maintenance in gross. The trial court made the following pertinent findings. The wife incurred a debt for a car, the proceeds of which went into the husband's business. The wife's interest in a residence also reached that business. She contributed her inheritance to the expenses of the family. These findings were supported by the evidence. It was also established the dissolution left the wife in debt and without an automobile. These circumstances form a proper basis for the trial court to conclude the maintenance in gross was necessary to permit the wife to rehabilitate her financial circumstances. *In re Marriage of Null*, 608 S.W.2d 568 (Mo.App.1980).

The husband's final point is that child support of $350 per month is not supported by the evidence. He suggests $200 per month. Contrary to his contention, there was substantial evidence the needs of the child exceeded $350 per month. His argument of poverty and inability to pay is based upon an amount he asserts is established by the evidence to be his disposable income. However, the evidence demonstrating this amount was not conclusive. His contract of employment provided for a bonus as well as a fixed salary. This and the husband's erratic financial transactions, his method of accounting and records, and his evasive answers concerning his finances constitute substantial evidence from which the trial court obviously determined the husband was able to pay the amount awarded.

The trial court did not erroneously declare or apply the law. The judgment is supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). An extended opinion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).

HOGAN, P.J., PREWITT, C.J., and CROW, J., concur.