James JONES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39,729.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 1, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 15, 1979.

Application to Transfer Denied
Oct. 10, 1979.

Robert C. Babione, Public Defender, Thomas R. Motley and Andrew T. Kotschar, Asst. Public Defenders, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael G. Ravetta, Asst. Circuit Atty., St. Louis, for respondent.

Movant James Jones, hereafter "defendant," was convicted of first degree murder and felonious assault and sentenced to life imprisonment. The conviction was affirmed on appeal. *State v. Jones*, Mo.App., 532 S.W.2d 772. Defendant has now appealed the denial of his Rule 27.26 motion on the ground the trial court, after an evidentiary hearing, failed to "make findings of fact and conclusions of law on all issues presented" as required by Rule 27.26(i).[1]

Defendant's motion pleaded the sole ground that at trial he had been denied effective assistance of counsel. In support of that contention he pleaded his trial counsel failed to: 1) adequately make a pretrial investigation, 2) interview state witnesses, 3) depose state witnesses, 4) subpoena favorable defense witnesses and 5) utilize documents showing inconsistent statements by witnesses. At the evidentiary hearing the trial court heard defendant's evidence in support of his alleged ground of inadequate counsel and also evidence by defendant's trial counsel in support of the state's denial thereof. Following submission of the motion, the trial court denied it, filing findings of fact and conclusions of law, specifically ruling that "Karl Lang, Attorney for the defendant in the jury trial, adequately and competently represented the movant."

Defendant contends the trial court by this ruling did not make findings and conclusions on all *issues* presented, as required by Rule 27.26(i). He argues he was entitled to a specific ruling on each of his five factual allegations which supported his contention of inadequate assistance of counsel.

The "issue" in this case was whether defendant, as he contended, was deprived of adequate assistance of counsel. Defendant's five pleaded factual allegations, enumerated above, were offered to support his pleaded contention that he had been denied adequate assistance of counsel. The trial court, by its specific order quoted above, held defendant had been adequately represented. That was the issue in the case, and

---

1. Counsel was appointed for movant May 23, 1977, and the evidentiary hearing was held September 9, 1977. The requirements of *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978), being prospective only to motions heard after November 6, 1978, do not apply in this case.

**540**

we hold the trial court's order ruled the "issue presented."

Our conclusion is buttressed by *Brown v. State*, 495 S.W.2d 690 [11] (Mo.App.1973). There, as here, defendant claimed inadequate assistance of counsel and pleaded six factual grounds to support that contention. The trial court denied the motion, finding that on the issue of inadequate assistance of counsel the record "'demonstrate [d] the lack of merit in this contention.'" On appeal defendant, as here, complained that the trial court had failed to consider his six points individually and had denied his motion without discussing the basis for having denied the motion. We dismissed that contention, holding: "The rule [27.26] does not set forth any guidelines as to the extent of the findings, but requires only that findings of fact and conclusions of law be made on all *issues* presented." We follow that opinion in denying this defendant's contention.

We have considered defendant's cited case of *Garrett v. State*, 528 S.W.2d 174 (Mo.App.1975), but find it distinguishable. There, defendant's Rule 27.26 motion listed five grounds of inadequate assistance of counsel. At the evidentiary hearing defense counsel offered to amend the motion orally by asserting that the original defense counsel had failed to request a psychiatric examination. The offer was not granted by the trial court, but there was extensive evidence defendant should have been examined. The trial court denied the motion, without reference to a psychiatric examination. We held on appeal that the trial court should have considered defendant's motion amended to include the contention of lack of a psychiatric examination. We ordered the case remanded for a finding on the amended ground, which the trial court had erroneously ignored.

The issues in *Garrett* are so different from those now before us that we hold *Brown*, rather than *Garrett*, is the proper controlling precedent.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.