**Dwain L. GARDNER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 10888.

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 1979.

Loren R. Honecker, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Richard Thurman, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Dwain L. Gardner's multiple convictions for illegal sales of heroin, cocaine and a salt of amphetamine were affirmed by this court in *State v. Gardner,* 534 S.W.2d 284 (Mo.App.1976). Thereafter, this postconviction motion under Rule 27.26, V.A.M.R., was filed. Counsel was appointed, the motion was amended, and an evidentiary hearing conducted. The trial court made and entered findings of fact and conclusions of law denying the motion. We affirm.

The main ground advanced by movant for Rule 27.26, V.A.M.R., relief is that his trial counsel was ineffective. In support of this single issue [*Jones v. State,* Mo.App., 583 S.W.2d 539] the movant alleged various reasons, to-wit: failure to obtain a severance of defendant's trial from that of a co-defendant; permitting evidence of other crimes to be injected into the trial; failure to challenge the chain of custody of certain evidence and failure to challenge the lack of qualifications of an expert witness for the state; failure to object to the unconstitutionality of the law classifying drugs; representing conflicting interests (defendant and co-defendant) which resulted in disparity of sentencing; collusion with the prosecuting attorney in failing to examine and cross-examine the co-defendant; permitting movant to waive his right to trial by jury. In addition to the foregoing, movant alleged as separate grounds a violation of the rule on witnesses, the knowing use of perjured testimony by the state, and the erroneous admission of certain trial exhibits.

The capable and experienced trial judge that presided at the evidentiary hearing considered each of the movant's allegations in his five-page memorandum of findings and conclusions. He ruled, properly so, that trial strategy or trial tactics of counsel do not justify a charge of ineffective assistance of counsel. Further, that alleged trial errors were for consideration in the movant's direct appeal, and, that one or more thereof had in fact been considered in our affirmation of the judgment against the defendant. The court held that movant had failed to sustain his burden of proof on the grounds alleged. We have read the transcript and do not find the findings and conclusions of the trial court to be clearly erroneous.

The judgment is affirmed.

HOGAN and MAUS, JJ., and KELSO, Special Judge, concur.