**John Madison BRAME, Jr.,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. KCD30228.

Missouri Court of Appeals,
Western District.

March 3, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 7, 1980.

Dale K. Irwin, Legal Aid of Western Missouri, Kansas City, George L. Stafford, Legal Aid of Western Missouri, Sedalia, for movant-appellant.

John Ashcroft, Atty. Gen., Steven Scott Clark, James R. Cumbee, Asst. Attys. Gen., Jefferson City, for respondent.

Before DIXON, P. J., TURNAGE and KENNEDY, JJ.

DIXON, Judge.

Movant appeals from denial of successive motions to vacate judgment and sentence pursuant to Rule 27.26.

Isolation of the issues presented is made difficult by the confused and lengthy procedure by which the appeal was lodged in this court and by the filing of two briefs raising a welter of issues. All of the various claims of error may be categorized under the general rubric of ineffective assistance of counsel and a claim that the trial court erred in failing to make appropriate findings of fact and conclusions of law.

The movant's underlying conviction was for a theft of property in excess of $50. The jury failed to agree on punishment, and the trial judge assessed punishment at imprisonment for a term of ten years. The direct appeal of the conviction is reported in *State v. Brame*, 542 S.W.2d 591 (Mo.App. 1976).

Adverting now to the procedural background, the original Rule 27.26 motion was filed *pro se.* Counsel was appointed and an amendment was made to the *pro se* motion and a hearing afforded. At the conclusion of the hearing and after hearing argument and being presented with authority, the court dictated a short statement on the record denying the movant relief. The movant indicated on the record he did not desire to appeal.

About two months later, the movant filed an application for leave to file a successive motion under Rule 27.26. The court granted leave, filed the motion, and summarily dismissed the motion. This filing of the second motion was in the *original* case and more than thirty days after the original motion was disposed of by the court's order.

The next step in the confusing chronology of this appeal was the filing in this court of a pleading entitled a "Petition for Writ of Mandamus or in the Alternative a Motion for Leave to File an Untimely Notice of Appeal." Then followed an attempt by a fellow inmate of movant to enter the case to assist movant as an "inmate counselor." This court declined the proffered assistance, denied the mandamus, and sustained the motion for an untimely appeal. The trial court was directed to appoint counsel, which was accomplished, and a Notice of Appeal was filed appealing *only* as to the overruling of the initial motion. Original counsel on the Rule 27.26 proceeding was then permitted to withdraw, and new counsel was appointed. Counsel then filed the initial appellant's brief. After extension of time, respondent's brief was filed.

There was then filed an entry of appearance by co-counsel for movant and a motion to file an amended appellant's brief. Movant then filed what was styled an "Amended Notice of Appeal" in the Circuit Court, and that pleading was sent to this court and filed here without order or action. Finally, the amended brief was filed on behalf of movant, and respondent's amended brief was also filed.

The record also shows that two motions to supplement the transcript, one to file the trial transcript of the original trial and one to file the second and successive motion under Rule 27.26, were filed in this court. The first such motion was sustained. The latter motion was filed after the case was docketed and has never been ruled by the court.

The case was submitted on briefs September 20, 1979, and the motion to supplement the transcript by filing the second Rule 27.26 motion was filed September 13. Despite this lack of a ruling on the motion to supplement the transcript, the second and successive motion under Rule 27.26, bearing the file stamp of the circuit clerk, was filed in this court on September 27. This "motion" bears a handwritten legend, "Supplemental Transcript."

■ There is a strong temptation to ignore the legal conundrum presented by this procedural muddle. The application of settled precepts concerning appellate review will pose the possibility of more litigation and additional burden on already strained judicial resources. However, nothing is more settled as a principle of appellate review than that a timely notice of appeal is a jurisdictional prerequisite to judicial review.

■ In the instant case, the only notice of appeal that can be noted is the one filed pursuant to the order of this court permitting its late filing. That notice of appeal raises only the issue of the trial court's ruling on the initial Rule 27.26 motion. Even if that initial notice of appeal had purported to seek review of the second and successive motion under Rule 27.26, this court's jurisdiction would be questionable. This is so because of the initial error of the circuit clerk in filing the *second* motion as a part of the records of the first motion. When that second motion was filed and ruled by the trial court, it was done in a cause over which the court no longer possessed jurisdiction, more than thirty days having elapsed since the original motion had been ruled upon.

In this procedural posture, the motion to file the second Rule 27.26 motion as a supplemental transcript must be denied and the filing of the second motion stricken.

This action leaves for consideration only the issues raised with respect to the original Rule 27.26 motion. In the original brief filed, there were three points relating to the general issue of ineffectiveness of counsel at trial. The points raised are that counsel was ineffective (1) by improper preparation; (2) failure to poll the jury; (3) failure to disqualify the trial judge.

■ Review of these claims is limited to a determination of whether the findings, conclusions, and judgment of the trial court were clearly erroneous. Rule 27.26(j); *Careaga v. State*, 552 S.W.2d 25, 27 (Mo.App. 1977). A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed after considering all of the evidence. *Careaga* citing *Crosswhite v. State*, 426 S.W.2d 67, 70–71 (Mo.1968).

The standard by which ineffective assistance of counsel can be measured has followed a tortuous course in the case law. The standard utilized in *State v. Schaffer*, 454 S.W.2d 60, 65 (Mo.1970), was whether counsel's actions or lack thereof made the trial a farce or a "mockery of justice." In *Smith v. State*, 473 S.W.2d 719, 722 (Mo. 1971), the standard was whether circumstances demonstrated what amounted to a deliberate abdication of counsel's ethical duty to the client. And, finally, in *Eldridge v. State*, 592 S.W.2d 738 (Mo. banc 1979), citing *Sims v. State*, 496 S.W.2d 815 (Mo. 1973), the question for the trial court was whether defendant had received a fair trial. More recently, but given only prospective application to Rule 27.26 hearings held after April 25, 1979, *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), adopted the test devised in *Reynolds v. Mabry*, 574 F.2d 978 (8th Cir. 1978), and *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979), citing *Thomas v. Wyrick*, 535 F.2d 407 (8th Cir. 1976), cert. denied, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148, and *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974). Under this test, to prevail on a claim of ineffective assistance of counsel, movant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was prejudiced thereby.

Whatever verbalization of the standard of effectiveness of counsel is considered, the

difficulty inherent in the task of review remains. This difficulty inheres in the adjudicative process. By the very nature of a criminal trial, a lawyer's function is a continuing judgmental process. Choices are constantly presented for one alternative action or another, often in a shifting factual situation with little or no time for reflective thought before decision is required. Whether to voir dire extensively upon slight indication of bias, make or reserve an opening statement, object or not, cross examine or not, present evidence or not, are some of the multitude of choices presented in an almost endless variation of the factual settings. Factors which influence those practical judgments are often subtle and not apparent on a cold record. The demeanor of a witness, the attitude of a trial judge, the reaction of a jury to a witness's testimony may all be factors entering into a lawyer's judgment as to the alternative course to pursue. Likewise, in the setting of a criminal trial, the alternatives may be all bad. The judgment of the defense lawyer may have to be exercised between a choice of evils. This process is then subject to the after-the-fact claims of a prisoner who has nothing to lose and apparent impunity with respect to the most blatant falsehood and misstatement in his post-conviction claim as to the ineffectiveness of counsel.

 The instant case affords ample illustration. Movant claimed in his motion that defense counsel spent "5 minutes" conferring with the defendant before trial. Movant, in his testimony, conceded he conferred with counsel for about an hour. The lawyer, basing his testimony on time records, said at least 6⅔ hours were spent in personal consultation with the defendant out of the total hours devoted to the defense of over 53 hours.

On the issue of polling the jury, movant's assertion is that, since the jury deliberated only a little over half an hour, it is apparent the lawyer should have requested a poll. Factually, the testimaony is that the trial judge asked the jury collectively if the verdict as read in the courtroom was the verdict of each of them, and, during a long pause, defense counsel asserted that he observed an affirmative response for the jurors by noddings of the jury indicating their assent tho the verdict.

On the issue of the claim that defense counsel failed to disqualify the judge, the movant's testimony is only that it was "never discussed." Defense counsel asserts that it was discussed and, in convincing detail, recounted the discussions. Defendant had at least six prior convictions and perhaps eight. Two of these were convictions for burglary in which the trial judge had sentenced movant to three years on each charge. Other cases were pending against the defendant on which he had retained counsel. The upshot of the consultation was that movant would discuss with retained counsel the advisability of the disqualification of the judge. Despite this discussion in mid-April, on the trial date in late June, the movant had not requested a disqualification. In fact, on the day before trial, he had asserted to defense counsel that the judge had been fair with him before and that the defendant thought he would be again. Movant had been admitted to bail in mid-April and was continued on bail to the trial date. Movant's present counsel assert the judgment of trial counsel not to disqualify the trial judge was in error since the jury failed to assess the punishment, and the trial judge assessed the maximum punishment.

██ This claim is divided into two parts, a claim that trial counsel should have requested the trial court to disqualify himself, and a claim that a formal change of judge should have been timely filed. The claim that a request for the trial judge to disqualify himself must be considered in the reality of the trial setting in which movant's trial counsel exercised his judgment.

On the morning of trial, the State had, as yet, not endorsed essential witnesses. Movant's counsel had discussed with the prosecutor a continuance at the request of movant. The prosecutor had asserted that if the case were continued, he would file under the Second Offender Act. The case presented no aggravated facts. The theft

had occurred in the victim's home where the movant had been visiting with his grandmother. The evidence would show the movant was accompanied by another man who was unidentified. The fruits of the theft were found in a car operated by movant but not belonging to him. Another man and a girl, who had possession of another stolen check, were in the car. This evidence had all been developed at the preliminary hearing. Defense counsel thus was presented with the alternative of seeking to disqualify the judge and be faced with a certainty that movant, with six prior convictions, would be sentenced by a judge under the Second Offender Act, or going to trial in a case where the worst the jury might find was a sneak thief type offense and have no basis for enhanced punishment.

Additionally, a very real possibility existed of engendering doubt as to movant's guilt by reason of the proof that an unidentified man was present at the scene and may have been the real culprit. That doubt would be strengthened by the circumstance that the stolen property was found concealed in a car with movant, a girl with other stolen property in her possession, and another man named Hayes, who had equal access to the concealed property. Neither Hayes nor the girl had testified at the preliminary and were not endorsed as witnesses.

On the morning of trial, movant's counsel objected to the late endorsement of witnesses, and the trial court permitted the endorsement of only those witnesses who had testified at the preliminary hearing. It was certainly a reasonable prediction that, upon the objection to late endorsement, the trial court would not, in the exercise of its discretion, permit other witnesses to be endorsed where there had been no notice to the defense that they would be offered in the State's case. In fact, that is exactly what occurred.

At that late date, the only avenue open to trial counsel would have been a request that the trial judge disqualify himself, and this despite movant's assertion that the judge had been fair to him before and would be

again and despite the fact that if the judge were to disqualify, the prosecutor, by reason of the delay, would file a Second Offender charge, inevitably causing a sentence by the new trial judge with full knowledge of prior offenses. The judgment of trial counsel to proceed to trial without such a request cannot be faulted on these facts.

■ On the issue of a formal request for disqualification with the necessary five-day notice, the same factual background applies. Trial counsel had discussed the possibility of such action with movant months before trial. Movant had private counsel on other charges. He was on bail. Still, he never communicated with trial counsel until two days before trial. This is not a case where a request by movant, who had been informed of his right, was ignored.

■ What movant seeks here is a declaration as a matter of law that a failure to take a change of judge when the trial judge is aware of prior convictions is ineffective assistance of counsel because the jury may fail to agree on punishment and the trial judge may sentence the defendant. That argument falls of its own weight. Any new judge, if he is called upon to sentence by reason of the jury's failure to agree, will be informed of the defendant's prior record before sentencing.

Ineffectiveness of counsel cannot be found in this factual setting without seriously compromising the right of counsel to make an independent judgment based on all of the available facts and circumstances. The thrust of the constitutional requirement for effective assistance of counsel necessarily assumes that a defendant is in no position to make the judgments as to alternative courses available in the trial of a case and that he needs the assistance of counsel who can make the judgment in the light of the facts and the law. Second guessing those judgments with the aid of hindsight only tends to remove decisions from the area of professional judgment and to destroy that most vital ingredient in representation by counsel.

Included in movant's first assertion of ineffective assistance of counsel were additional claims that trial counsel had failed to interview the State's witnesses and to call as witnesses the girl and the man named Hayes who were in the car when defendant was arrested. Movant's testimony is that he requested these individuals be subpoenaed despite his admission that he had no idea to what they might testify in connection with the offense. Trial counsel, with commendable candor, testified that movant had requested these witnesses be called. The lawyer obviously inquired as to what their testimony would be, but the record does not directly reveal what the movant claimed they would say when this was discussed at or near the time of trial. The testimony of movant's trial counsel reflects that he considered the calling of these witnesses to be a matter of his professional judgment as to the trial tactic to be followed in the absence of any assertion that the witnesses would present any viable additional theory of defense. He concluded that the witnesses could not be added as state witnesses. He knew that the companion of the movant at the scene of the crime would not be identified by the available state's witnesses. He concluded that, in the context of a circumstantial evidence case against the movant, the jury might well believe that Hayes was the movant's companion on the day of the crime. Trial counsel stated that he knew Hayes was *not* present at the scene, thus he knew calling Hayes would only serve to buttress the State's case by removing a possible doubt as to the actual thief.

It was anticipated by trial counsel that the girl in the car, if called as a witness, would deny any complicity in the theft. The anticipation was certainly warranted since any other statement would have made her a person liable to the same charge. Under all those circumstances, the decision not to call these witnesses cannot be considered to be ineffective assistance, but instead an appropriate exercise of professional judgment and skill.

If the issue posed is as to the failure to interview these witnesses, the facts must again be considered. The movant was undeniably present, both at the scene of the crime and at the scene of the arrest with Hayes and the girl. There is no doubt movant knew the identity of his companion at the scene. He apparently told trial counsel it was not Hayes. There is not a glimmer of evidence that Hayes and the girl had any evidence to assist movant. Indeed, as previously noted, their nonappearance, coupled with the failure of the State to identify the movant's companion at the scene of the crime, was helpful, not harmful, to the movant. There is simply no reason advanced beyond pure speculation as to how the interviewing of these witnesses would have aided movant.

The claims of error addressed above were all contained in the original brief and were there posited in terms of erroneous findings of fact, as best the original brief may be understood. In fact, as the foregoing demonstrates, there was no substantial conflict for the trial court to resolve by findings of fact. The only contradictions between the testimony of movant and trial counsel, who were the only witnesses, were related to the length of time in consultation and the movant's claim that, on the issue of disqualification of the trial judge, it "had never been discussed." The essential weakness of these claims of error in fact is demonstrated by the abandonment of these claims in the amended brief.

In the amended brief, the movant's counsel attacks the findings and conclusions of the trial court under Rule 27.26(i). The argument makes some passing reference to the issues of investigation, the witnesses not called, and the failure to disqualify the trial judge, but in major part, attacks other matters not pleaded by the movant and upon which no evidence was heard. These unpleaded claims need not be noticed. Rule 27.26(j).

The thrust of movant's claim of error under Rule 27.26(i), contained in the amended brief, is that the grounds recited by the trial court as reasons for his ruling—(1) the

amount of time spent by counsel in preparing for trial, and (2) the court's observance of counsel's presentation at trial—are inadequate as a matter of law and because they totally ignore movant's contentions as to factual matters relating to preparation, investigation, and calling of witnesses.

The key to movant's argument here is that he characterizes each of the factual grounds he has enumerated as being a separate *issue* requiring the court to make findings of fact and conclusions of law in relation thereto under Rule 27.26(i). *Jones v. State*, 583 S.W.2d 539 (Mo.App.1979) stands for the proposition that defendant is *not* entitled to a separate ruling on each of the factual allegations because they are offered to support the singular *issue* of ineffective assistance of counsel. The trial court in *Jones* had specifically found the defendant to be adequately and competently represented. See also *Brown v. State*, 495 S.W.2d 690 (Mo.App.1973). *Jones* is specifically followed in *Gardner v. State*, 584 S.W.2d 448 (Mo.App.1979) where ineffectiveness of counsel is denominated as a singular issue with multiple grounds. It should be noted, however, that the *Jones* court attempts to distinguish the case of *Garrett v. State*, 528 S.W.2d 174 (Mo.App. 1974), where the court remanded the case for issuance of findings and conclusions where evidence on trial counsel's failure to request psychiatric examination of the defendant below had been fully presented, but the trial court had failed to include any reference to such matter in its findings and conclusions, either as a finding of fact or of law. The *Jones* court argues that *Garrett* is distinguishable and that it was remanded because the court should have considered defendant's motion amended to include this contention.

On the surface, *Jones* and *Gardner* would appear to be in conflict with *Garrett*. The cases, focusing as they do on different factual and legal settings, are not in conflict. The trial court's duty under Rule 27.26(i) is to "make findings of fact and conclusions of law on all issues presented." An issue may be presented which is purely factual which requires, under the rule, a finding of fact.

On the other hand, an *issue* may be presented which is a purely legal issue and requires a "conclusion of law." Any given case may present either or both sorts of issues.

As to the instant case, the trial court's statement on the record plainly dismisses the *pleaded* factual issues as being without evidentiary support. The statement also concludes as a matter of law that trial counsel was not ineffective. The lengthy recital of the evidence before the trial court set forth in this opinion demonstrates that this case presented no factual issues requiring specific findings. In that connection, the trial court obviously considered each of the factual grounds alleged, and upon which evidence was heard, as a separate basis for a claim of ineffective assistance of counsel and concluded as a matter of law that none of them supported a legal conclusion of ineffective assistance of counsel. This court has extensively reviewed each of these claims and, not only are the trial court's conclusions of law not clearly erroneous, they are unassailably correct.

Movant points to the trial court's reference to the over sixty hours expended by trial counsel and the court's observation of the actions of trial counsel saying that since these are mentioned they were the only factual matters considered and that alone they will not support the conclusion drawn. That argument would require this court to assume the trial judge heard none of the evidence presented at the hearing. The case was obviously viewed by the trial court as one requiring only the simple declaration that, on the factual issues pleaded and the uncontroverted evidence, there was, as a matter of law, no basis for a finding of ineffectiveness of counsel.

The dispositional order presents a different problem than the usual affirmance in view of the earlier ruling that the second Rule 27.26 motion was not reviewable in this case. In view of the clerical error of engrafting this second motion upon the original motion which induced an order by the trial court beyond its jurisdiction and, in

view of the fact that no appeal could now be taken from that void order, some relief should be afforded movant as to the second motion.

In accord with our constitutional power to exercise superintending control and in the interest of fairness, the trial court's denial of the first Rule 27.26 motion is affirmed, and the trial court is directed to refile the second Rule 27.26 motion as a separate action and to proceed anew with that second motion in accordance with the mandate of *Fields* and *Seales, supra,* in the light of Rule 27.26(d).

All concur.