Willie James **DANCY,** Appellant,

v.

**STATE of Missouri,** Respondent.

No. 43047.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied
Jan. 18, 1982.

Scott Richardson, and Springfield Baldwin, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Movant is serving a sentence of twenty-five years imprisonment on his conviction of robbery in the first degree. He appeals from an order denying, after an evidentiary hearing, his motion under Rule 27.26 attacking his sentence. He also filed a notice of appeal from an order denying, without an evidentiary hearing, his pro se "Motion Under Rule 75.01 to Vacate, Set Aside or Correct" the order denying his Rule 27.26 motion.

 We first note that movant's "Motion Under Rule 75.01 ..." was filed more than thirty days after entry of the order denying his Rule 27.26 motion, and eight days after the notice of appeal therefrom was filed in this court. The motion was a nullity, and through it no issue is presented for review. *Brame v. State,* 597 S.W.2d 665, 668 (Mo. App.1980).

Movant's brief has little meaning when it is stripped of the matters raised in his motion under Rule 75.01. We, nevertheless, have searched *ex gratia* a very difficult record, and conclude that the order entered on the Rule 27.26 motion must be affirmed.

Movant claims he had ineffective assistance of counsel at his trial because, first, his lawyer did not object to the alleged systematic exclusion of women from jury service. He also asserts an unchallenged illegal arrest and counsel's failure to locate and call certain alibi witnesses. In addition, he claims ineffective assistance of counsel at his Rule 27.26 hearing. However, the trial court's order is based on findings of fact which are not clearly erroneous. No error of law appears, and an extended opinion would have no precedential value.

The order is affirmed in accordance with Rule 84.16(b).

REINHARD and SNYDER, JJ., concur.