STATE of Missouri, Appellant,

v.

Maryland BEAVER, Respondent.

No. 50243.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 10, 1985.

Steven E. Raymond, Shelbyville, for appellant.

Dennis G. Schafer, Montgomery City, for respondent.

SMITH, Presiding Judge.

The State, pursuant to Sec. 547.200 RSMo Cum Supp.1984, appeals from an order sustaining defendant's motions to suppress evidence in twenty-three cases pending against her. She was charged by twenty-three separate informations with stealing. Her motions to suppress were directed to checks and other documents seized from an attorney to whom defendant had delivered the material. The State has appealed in each of the cases and we have consolidated those cases.

The order of suppression of the trial court was entered on May 16, 1985. On May 17 the State filed its motion to reconsider, clarify or for findings of facts and conclusions of law. That motion was denied on June 13, 1985. Notices of appeal were filed on June 14. The State filed a motion for leave to file notice of appeal out of time on June 25. The defendant filed a motion to dismiss the appeals as untimely filed. Those motions were taken with the case. We now sustain defendant's motion and deny the State's motion.

■■■ The State has no right of appeal unless that right is unequivocally conferred by statute. *State v. Evans*, 679 S.W.2d 434 (Mo.App.1984) [1, 2]. A *timely* notice of appeal is a jurisdictional prerequisite. *Brame v. State*, 597 S.W.2d 665 (Mo.App. 1980) [1]. By the provisions of Sec. 547.-200.1, enacted in 1983, an appeal is authorized by the state from an order suppressing evidence. Notices of appeal involving such orders "shall be filed in the appropriate court within five days of the entry of the order of the trial court." Sec. 547.200.-4. A statute which gives the state a right of appeal must be strictly construed. *State ex rel. Corcoran v. Buder*, 428 S.W.2d 935 (Mo.App.1968) [4–6]. The provisions of Sec. 547.200.5 indicate the legislative intention that such appeals be expedited and directs the Supreme Court to issue appropriate rules "to facilitate the disposition of such appeals, balancing the right of the state to review the correctness

of pretrial decisions of a trial court against the rights of the defendant to a speedy trial...." No rules have as yet been promulgated. The appeals here were not taken within the statutorily mandated five day period following the order.

■■■ The State seeks to avoid the limitation of the statute by utilizing the motion to reconsider to toll the time for filing an appeal. It relies in this context on Rules 29.11 and 29.13 dealing with post-trial procedures. Both rules base their time restriction on the return of the verdict, or in the case of 29.13(a) the entry of judgment. There has been neither here. The order before us is interlocutory and is subject to reconsideration by the trial court at any time prior to verdict.[1] *State v. Trimble*, 654 S.W.2d 245 (Mo.App.1983) [10, 11]. To engraft upon the statutory time frame established for this interlocutory appeal the rules for post-trial motions would render meaningless the time frame established. A motion for reconsideration could be filed at any time prior to the verdict and upon its denial, the time for appeal would start anew. Presumably, the same thing would occur on successive motions for reconsideration. Rules 29.11 and 29.13 have no applicability to these appeals and the motion for reconsideration had no effect on the time during which an appeal could be taken. Nor do we find merit to the State's contention that its appeals are also from denial of the motion for reconsideration. Sec. 547.-200.1 does not refer to such a motion and for the reasons previously stated implying its inclusion would defeat the time limitation imposed by the statute. We have held that Sec. 547.200.1(2) refers to "those matters properly raised by motion as authorized in Section 542.296, RSMo 1978." *State v. Holzschuh*, 670 S.W.2d 184 (Mo.App.1984) [2]. That statute has no reference to motions for reconsideration.

■■■ The State also relies upon Rule 30.03 authorizing late appeals by leave of this court. That rule is inapplicable for it

---

1. The requirement of Sec. 542.296.7 RSMo 1978, may render illusory the practical value of reconsideration. Nevertheless, the order of suppression is interlocutory.

deals with appeals not filed "within ten days after the judgment becomes final." There is no final judgment here. *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692 (Mo. banc 1979) [1, 2]. The State also asserts that we have inherent power to allow this appeal. It is at least questionable that we can exercise jurisdiction where the jurisdictional prerequisite of a timely notice of appeal is absent. *Brame v. State, supra.* If we have such inherent power, we decline to exercise it here.

Appeals dismissed. State's motion for leave to file late notices of appeal denied.

SNYDER and SATZ, JJ., concur.