NO. 12-02-00270-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


STEPHEN K. FLORY,
§
 APPEAL FROM THE 67TH

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


DAIMLER CHRYSLER CORPORATION

FRED OAKLEY MOTORS, INC., AND

SHAHEENA AHMED,

APPELLEES
§
 TARRANT COUNTY, TEXAS

 

MEMORANDUM OPINION


 Stephen K. Flory ("Flory") appeals the trial court's orders granting separate summary
judgments, one in favor of Daimler Chrysler Corporation ("Chrysler") and Fred Oakley Motors, Inc.
("Oakley") (collectively the "Products Liability Defendants"), and the other in favor of Shaheena
Ahmed ("Ahmed"). Flory also appeals the trial court's orders striking testimony of two of his expert
witnesses. Flory raises six issues on appeal. We affirm.


Background

 This case arises from a motor vehicle accident. On August 28, 1998, Flory was stopped in his
vehicle, a Dodge truck manufactured by Chrysler, when he was struck from behind by a vehicle driven
by Ahmed. Months later, Flory was diagnosed with cholesteatoma, an infection, in his right ear. 

 On March 10, 2000, Flory brought suit against Chrysler and Oakley alleging that the infection
was either caused or aggravated by a defect in his truck's headrest. In addition to his causes of action
for design and marketing defects, Flory also brought causes of action against the Products Liability
Defendants for negligence and breach of warranty. Additionally, Flory sued Ahmed for negligence
and gross negligence. 

 On December 17, 2001, the Products Liability Defendants, in one motion, moved for both a
traditional and a no-evidence summary judgment. Flory responded. Following a hearing on February
22, 2002, the trial court entered an order granting the Products Liability Defendants' motion for
summary judgment. The order did not state the basis of the court's ruling. Subsequently, Ahmed filed
a motion for summary judgment, in which she incorporated by reference "all pleadings and letter
briefs supporting Co-Defendant's Motion for Summary Judgment as if [the] same were set out at
length herein." (1) Additionally, Ahmed alleged that there was no evidence that Flory's health care
following the motor vehicle accident was reasonable and necessary. The trial court entered an order
granting Ahmed's motion for summary judgment, but again did not state the basis for its ruling. This
appeal followed.


Adequacy of No-Evidence Motions for Summary Judgment In his second issue, Flory contends that the summary judgment motions at issue were
inadequate because they failed to clearly and specifically state the grounds relied upon. Although his
brief is somewhat unclear, Flory appears to focus on the Appellees' no-evidence motion for summary
judgment. (2) 

 After adequate time for discovery, a party without presenting summary judgment evidence may
move for summary judgment on the ground that there is no evidence of one or more essential elements
of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ.
P. 166a(i). The motion must state the elements as to which there is no evidence. Id.  The court must
grant the motion unless the respondent produces summary judgment evidence raising a genuine issue
of material fact. Id. The movant need not produce any proof in support of its no-evidence claim. See
id.; see also Judge David Hittner and Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev.
1303, 1356 (1998). The motion must be specific in alleging a lack of evidence on an essential element
of a cause of action, but need not specifically attack the evidentiary components that may prove an
element of the cause of action. See Denton v. Big Spring Hosp. Corp., 998 S.W.2d 294, 298 (Tex.
App.-Eastland 1999, no pet.). Once a no-evidence motion has been filed in accordance with Rule
166a(i), the burden shifts to the non-movant to bring forth evidence that raises a fact issue on the
challenged evidence. See Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 316-17 (Tex. App.-Houston
[14th Dist.] 1999, no pet.). A no-evidence motion is properly granted if the non-movant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an
essential element of the non-movant's claim on which the non-movant would have the burden of proof
at trial. See Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

 Here, the record reflects that Appellees alleged that an adequate time for discovery had passed,
moved for a no-evidence summary judgment citing Texas Rule of Civil Procedure 166(a)(i), and
argued that there was no evidence to support specific elements of Flory's causes of action. See Tex.
R. Civ. P. 166a(i). Specifically, Appellees contended, citing authority pertaining to Flory's burden
of proof as to each cause of action, that (1) Flory had adduced no evidence that the subject vehicle was
defective or unreasonably dangerous with respect to its design or marketing or that any such defect
caused any of his alleged injuries, (2) Flory had no evidence to support a defect or causation with
respect to his claim of breach of warranty of merchantability, (3) Flory had no evidence to support his
breach of warranty of fitness claim because there was no evidence establishing that the subject vehicle
was sold to Flory for a particular purpose apart from its ordinary use, and (4) Flory had adduced no
evidence with respect to his negligence claim that defendants either breached a duty, that such a
breach proximately caused the injuries alleged or, with respect to a res ipsa loquitur theory, (a) that
the character of the accident was such that it would not ordinarily have occurred absent negligence,
and (b) that the vehicle was under the exclusive control of Chrysler or Oakley at the time of the
subject accident. Further still, Appellees argued that Flory adduced no evidence that Chrysler and
Oakley acted with fraud or malice as required to prove the exemplary damages he sought. Moreover,
in addition to adopting the arguments raised by Chrysler as they applied to her case, Ahmed also
argued that there was no evidence that Flory's health care following the motor vehicle accident was
reasonable and necessary. (3) We hold that the motions for summary judgment properly raised no-evidence points in compliance with Rule 166a(i), thereby shifting the burden of proof to Flory to bring
forth evidence that raised a fact issue on the challenged elements. Flory's second issue is overruled.


Appeal of an Order Granting Summary Judgment

 If any theory advanced in a motion for summary judgment supports the granting of a summary
judgment, a court of appeals may affirm regardless of whether the trial court specified the grounds on
which it relied. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625-26 (Tex. 1996).
Furthermore, on appeal, a summary judgment must be affirmed where it may have been based on a
ground not specifically challenged by the appellant and where there is no general assignment of error. 
See Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 120 (Tex. 1970); Reese v. Beaumont Bank,
N.A., 790 S.W.2d 801, 804 (Tex. App.-Beaumont 1990, no writ); see also Dubow v. Dragon, 746
S.W.2d 857, 859 (Tex. App.-Dallas 1988, no writ) (where there is no general point of error
complaining of the granting of summary judgment, if there is another possible ground, which is not
attacked by point of error, on which the judgment could have been entered, the judgment must be
affirmed); King v. Texas Employers' Ins. Assoc., 716 S.W.2d 181, 182-183 (Tex. App.-Fort Worth
1986, no writ) (because summary judgment may have been granted, either properly or improperly, on
a ground set forth in the motion for summary judgment, which ground was not challenged by point
of error by the appellant, the summary judgment must be affirmed); Rodriguez v. Morgan, 584
S.W.2d 448, 449 (Tex. Civ. App.-Austin 1979, writ ref'd n.r.e.) (although the appellant from the
summary judgment stated some specific points of error, the trial court may have based the summary
judgment on a ground not specifically challenged by the appellants by assignment of error or by
briefing). 

 On appeal, Flory has not raised a general Malooly issue. (4) Rather, when questioned about this
matter at argument, Flory took the position that the only issue raised by Appellees' motions for
summary judgment was the issue of causation. Flory apparently bases his contention on a statement
made by the Products Liability Defendants in their motion for summary judgment that "[t]he court
may assume, for purposes of this motion only, that Mr. Pozzi will be able to establish the existence
of a defect in the subject seat. The critical issue, however, is that even if the existence of a defect is
assumed, plaintiff has not and cannot establish - through Mr. Pozzi or Dr. Kosoy - a [causal]
connection between the alleged defect and Mr. Flory's ear injury." (5) Yet, our review of this statement,
considering it in light of the document as a whole, does not cause us to conclude either (1) that the
Products Liability Defendants intended to waive their no-evidence challenge made subsequent to this
statement, or (2) that Flory, who, in his response to the motion for summary judgment, presented
evidence to support the challenged element of design defect, interpreted the statement as limiting the
no-evidence motion for summary judgment solely to the issue of causation, or otherwise relied on the
statement to the detriment of his response. The Products Liability Defendants' two motions - the
traditional motion for summary judgment and the no-evidence motion for summary judgment - were
contained in a single document, which is not prohibited by the rules, although such is not the preferred
practice. See Grant v. Southwestern Elec. Power Co., 20 S.W.3d 764, 768 (Tex. App.-Texarkana
2000, no pet.). Nonetheless, given proper reference to Texas Rule of Civil Procedure 166a and
considering the differences between a traditional summary judgment motion and a no-evidence
motion, it is apparent that Appellees' traditional motion for summary judgment was limited to the
issue of causation. (6) The statement relied upon by Flory was made under the heading of a section
dealing solely with Appellees' traditional motion for summary judgment and was expressly made for
the purposes of that motion only. Considering the document in its entirety, we do not find Flory's
interpretation of Appellees' statement as a limitation of the scope of the summary judgment
proceedings to be tenable. Furthermore, as set forth above, any contentions on appeal regarding a
perceived ambiguity in Appellees' motions has been waived by Flory's failure to make a timely
objection to the trial court concerning the same. See McConnell, 858 S.W.2d at 343.

 In the case at hand, Flory only raised issues on appeal related to the trial court's order granting
summary judgment based on the element of causation. Flory did not, however, raise issues concerning
the other elements challenged with respect to each cause of action alleged in his pleadings. As
previously noted, Flory has not raised a general Malooly issue. As such, we must affirm the trial
court's respective orders granting summary judgment as to Chrysler, Oakley, and Ahmed. (7)


Conclusion

 As Flory has failed either to challenge on appeal all bases on which the trial court could have
granted the summary judgments at issue or to raise an issue contending generally that trial court erred
in granting summary judgment, we affirm the trial court's orders granting summary judgment in favor
of Chrysler, Oakley, and Ahmed.


 SAM GRIFFITH 

 Justice

Opinion delivered October 8, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(PUBLISH)
1. As Ahmed adopted the Products Liability Defendants' motion for summary judgment, at times, we will
refer to all defendants collectively as "Appellees."
2. As set forth below, our review of the record indicates that Appellees' no-evidence motion for summary
judgment complies with Texas Rule of Civil Procedure 166a(i). However, if the movant's grounds are unclear or
ambiguous, the respondent should specially except and assert that the grounds relied upon by the movant are unclear
or ambiguous. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342-43 (Tex. 1993) (indicating that
failure to specially except runs the risk of having the appellate court find another basis for summary judgment in the
vague motion). The respondent must expressly present to the trial court any reasons for avoiding the movant's right
to summary judgment. See id. at 343. In the absence of a response raising such reasons, these matters may not be
raised for the first time on appeal. See State Bd. of Ins. v. Westland Film Indus., 705 S.W.2d 695, 696 (Tex. 1993). 
Thus, since the record reflects that Flory failed to make any such objections at trial, either to Appellees' traditional
or no-evidence motions, he has waived such an issue on appeal. 
3. We note that, to the extent that the evidence required to support the elements of negligence may differ
with respect to Ahmed as opposed to the Products Liability Defendants, Flory failed to make an objection to the trial
court addressing such an ambiguity, if any. See McConnell, 858 S.W.2d at 342-43.
4. In Malooly, the court categorized a general assignment of error as a statement that "[t]he trial court erred
in granting summary judgment."
5. Although a similar statement was made by the Products Liability Defendants' attorney at the hearing on
their motion for summary judgment, such oral statements cannot be considered by the court. See El Paso Assocs.,
Ltd. v. J.R. Thurman & Co., 786 S.W.2d 17, 19 (Tex. App.-El Paso 1990, no writ) (affirming the sustaining of an
objection to oral testimony at a summary judgment hearing and declaring that in compliance with the law, no oral
testimony was received); see also Tex. R. Civ. P. 166a(c) (issues not expressly presented to the trial court by written
motion, answer, or other response shall not be considered on appeal as grounds for reversal).
6. The document containing Appellees' two motions for summary judgment is divided into multiple sections
by way of headings with alphanumeric designations. Section A argues that Flory has no evidence to support the
necessary element of causation with respect to three of his four causes of action. In this section Appellees make
detailed arguments concerning Flory's retained experts and cite to evidence appended to the document. See, e.g.,
Tex. R. Civ. P. 166a(c). To the contrary, sections B through H make no reference to appended evidence and make
limited allegations that Flory has no evidence to support specified elements of certain causes of action. See, e.g.,
Tex. R. Civ. P. 166a(i). 
7. We do not reach Flory's issues three, four, and five. In his first issue, Flory argues that since the instant
case was transferred for convenience from the Fort Worth court of appeals, we should follow authority from the Fort
Worth court. However, Flory has not argued that any conflict exists between the decisions of this court and our
sister court in Fort Worth. As such, Flory's first issue is not ripe for consideration. See Patterson v. Planned
Parenthood, 971 S.W.2d 439, 442 (Tex. 1998).