**STATE of Missouri, Appellant,**

v.

**Curt R. FAUDI, Respondent.**

**No. ED 84667.**

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 10, 2004.

William G. Jurgiel, Troy, MO, for Appellant.

Michael Kielty, St. Charles, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

The State of Missouri has filed this interlocutory appeal from the trial court's order granting the motion of Curt Faudi (Defendant) to suppress evidence seized during a search of Defendant's home and his statements. Because the State's appeal is untimely, this Court must dismiss its appeal.

The State charged Defendant with one count of possession of a controlled substance—methamphetamine and one count of attempted manufacturing of a controlled substance—methamphetamine. Defendant filed a motion to suppress evidence seized from his property and to suppress his later statements to police. On May 19, 2004, the trial court entered an order granting the motion to suppress. Pursuant to section 547.200.1, RSMo 2000, the State filed an interlocutory appeal to this Court on May 27, 2004.

This Court has a duty to examine its jurisdiction *sua sponte*. *State v. Wilson*, 15 S.W.3d 71, 72 (Mo.App. S.D.2000). Under section 547.200.4, the State's appeal from an interlocutory order suppressing evidence must be filed no later than five days after the entry of the order in question. Here, the order in question was entered on May 19, 2004. Under Rule 44.01(a), where the period of time to file is less than seven days, "intermediate Saturdays, Sundays and legal holidays shall be excluded from the computation." Applying Rule 44.01(a), the State's notice of appeal was due on May 26, 2004. The State filed its appeal to this Court on May 27, 2004, one day out of time.

We issued an order directing the State to show cause why its appeal should not be dismissed for lack of a timely notice of appeal. In response, the State conceded its notice of appeal was untimely. The State requested that this Court grant it leave to file its notice of appeal out of time. However, when the State files an interlocutory appeal, the five-day filing period is strictly enforced absent some rule or other provision allowing for late filing. *State v. Taylor*, 965 S.W.2d 257, 260 (Mo.App. E.D. 1998); *State v. Bibb*, 922 S.W.2d 798, 801–02 (Mo.App. E.D.1996). There is no such provision. The criminal rule authorizing late appeals, Rule 30.03, is not applicable

because it deals with appeals not filed "within ten days after the judgment becomes final." *State v. Beaver*, 697 S.W.2d 573, 574–75 (Mo.App. E.D.1985). Because this is an interlocutory appeal, there is no final judgment. *Id.* Accordingly, we have no authority to provide for a late filing of the State's notice of appeal.

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.