**STATE of Missouri, Appellant,**

v.

**Quinndale ALLEN, Respondent.**

**No. WD 70295.**

Missouri Court of Appeals, Western District.

Sept. 22, 2009.

Marilee A. Crockett, Esq., Columbia, for appellant.

Ellen H. Flottman, Esq., Columbia, MO, for respondent.

Before Special Division: LISA WHITE HARDWICK, Presiding Judge, PATRICIA BRECKENRIDGE and JACQUELINE COOK, Special Judges.

LISA WHITE HARDWICK, Judge.

In this interlocutory appeal, the State of Missouri contends the circuit court erred in suppressing the statements of Quinndale Allen, Jr., relating to charges that he promoted and possessed child pornography. For reasons explained herein, we dismiss the appeal as untimely pursuant to Section 547.200.4.[1]

## FACTUAL AND PROCEDURAL HISTORY

On September 13, 2007, five law enforcement officers went to a residence in Columbia to serve a search warrant for evidence related to child pornography. Quinndale Allen, Jr. (Allen) was seated at a computer in the living room when the officers entered the home. Deputy Andy Anderson instructed Allen to move away from the computer.

Deputy Tracy Perkins explained to Allen's father, Quinndale Allen, Sr. (Allen Sr.), that the officers were executing a search warrant for illegal images of children being transferred on the internet. Allen Sr. responded, "If anybody, you need to talk to those boys." He pointed to Allen and another son, Lorenzo Allen (Lorenzo), both of whom by that time were seated on a couch in the living room.

Allen was seventeen years old and his brother, Lorenzo, was sixteen years old. Perkins approached the boys and knelt down beside the couch to question them. She asked whether they had used Limewire, a software program that allows the sharing of files between computers. Allen stated that he used Limewire to download music and video files, including pornography. Perkins asked what kind of videos, and Allen said that some were child por-

---

1. All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

nography. Perkins asked whether Allen had deleted the files. He responded "No." Perkins also inquired as to how the video files were obtained, and Allen explained his procedures for searching and downloading child pornography.

The officers removed the computer from the residence and found evidence of child pornography on the hard drive. On October 11, 2007, Allen was charged with two counts of first-degree promotion of child pornography and one count of possessing child pornography.

Allen filed a motion to suppress the statements he made to Perkins at the time the search warrant was executed. The circuit court held a hearing and granted the motion to suppress on September 8, 2008. The next day, the State filed a request for a more specific ruling on the motion to suppress, which was taken up in chambers. The court explained that the suppression ruling was based on a violation of Allen's *Miranda*[2] rights. The court also explained the point at which Allen's statements were suppressed:

> COURT: Once you say: Did you download pornography—download pornography, and the guy said yes—
>
> PROSECUTOR: How about the statements leading up to that point though?
>
> COURT: Well, I think anything leading up to the point he confessed is fine.
>
> PROSECUTOR: Okay.
>
> COURT: But I don't think anything after that is, because I think there became a duty to advise of [Miranda] rights.
>
> PROSECUTOR: That's much more clear, your Honor. Thank you.

On November 3, 2009, the parties appeared on a motion in limine and the State asked for further clarification of the September 8 suppression order. The State expressed its understanding that the court's prior order had suppressed any statements made after Allen's admission that he downloaded *child* pornography. The court agreed to review its notes relating to the September 8 order.

After such review, the court issued a written order, on November 4, 2008, explaining that "statements suppressed by the Court's ruling of September 8, 2008 are all those statements made by Defendant after the non-responsive answer of Defendant stating that he had downloaded pornography and none of the statements made prior to that time or statement that Defendant downloaded pornography are suppressed."

The State filed an interlocutory notice of appeal of the suppression order on November 4, 2008. Allen seeks dismissal of the appeal because it was not timely filed within five days of the entry of the suppression order, as required by Section 547.200.4.

### ANALYSIS

The State contends the circuit clearly erred in granting the motion to suppress because there was no *Miranda* violation, in that Allen was not in police custody and made his statements voluntarily. Before addressing the merits of this claim, we must consider Allen's procedural objection that the appeal is untimely.

Section 547.200.4 permits the State to file an interlocutory appeal of an order suppressing evidence "within five days of the entry of the order of the trial court." This brief filing period reflects a public policy consideration that "appeals by the State in criminal proceedings be pursued swiftly." *State v. Casebolt,* 994 S.W.2d 114, 118 (Mo.App.1999). We must

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

strictly enforce the five-day limitation, absent some rule or other provision allowing for late filing. *State v. Faudi*, 141 S.W.3d 83, 84 (Mo.App.2004).

■ Allen argues that the State seeks to appeal the circuit court's suppression order entered on September 8, 2008. Because the appeal was not filed until November 4, 2008, Allen contends the State failed to comply with the five-day statutory requirement and the appeal must be dismissed. In response, the State argues that the circuit court changed the scope of its September 8 order by issuing a new suppression order on November 4, 2008. The State contends it is appealing the order of November 4, and the appeal is timely because it was filed on the same day the November 4 order was entered.

The record reflects that Allen filed a motion to suppress statements, on which a hearing was held on September 5, 2008. On September 8, 2008, the circuit court granted the motion by a docket entry stating: "Deft's motion to suppress statements sustained." The State promptly filed a motion for more specific ruling, which the court addressed during an in chambers conference on September 9, 2008. The court explained that any conversation that led up to Allen's confession of "download[ing] pornography" was not suppressed. The court further explained that the suppression order covered any statements that occurred after the confession because, at that point, "there became a duty to advise of [*Miranda*] rights."

On November 3, 2008, the parties appeared in court and the State requested further clarification of the September 8 suppression order. The State reminded the court that testimony at the suppression hearing established that Allen initially confessed to downloading video files of pornography and then, in response to Perkins' question about "what kind of videos," Allen further admitted that he downloaded *child* pornography. The State expressed its understanding that the September 8 order suppressed any statements after Allen's further confession to downloading *child* pornography.

The court reviewed its notes from the suppression hearing and, on November 4, 2008, made a docket entry explaining that "the statements suppressed by the court's ruling of 9/8/08 are all those statements made by [defendant] after the non-responsive answer of [defendant] stating that he had downloaded pornography, and none of the statements made prior to that time or statements that [defendant] downloaded pornography are suppressed." Consistent with the previous in-chambers explanation on September 9, this November 4 docket entry reaffirmed the court's original order that the only statements suppressed were those made after Allen's initial confession that he downloaded pornography. At no time did the court mention *child* pornography or otherwise infer that the suppression order did not include Allen's second confession to downloading child pornography. Accordingly, we find no basis for the State's contention that the November 4 docket entry changed the original suppression order of September 8.

The State seeks to appeal the circuit court's order that suppressed any statements made by Allen after he confessed to downloading pornography. That order was entered on September 8, 2008, and was subject to appeal within five days.[3] § 547.200.4. The State's interlocutory ap-

---

**3.** We acknowledge that the circuit court clarified and, arguably, narrowed the scope of the September 8 suppression order during the in-chambers conference on September 9. Thus, an appeal of the suppression order within five days of the September 9 conference also would have been timely.

peal is untimely because it was filed on November 4, 2008, fifty-seven days after the circuit court's suppression order. There are no rules authorizing a late filing and, thus, we must strictly apply the requirements of Section 547.200.4 by dismissing the appeal. *Faudi*, 141 S.W.3d at 84–85.

### CONCLUSION

The appeal is dismissed.

All Concur.